IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                              Crim. No. 15 CR 00197-5
                                                          **ELECTRONICALLY FILED**

NATHAN LAWRENCE

    Defendant.

**MEMORANDUM OPINION AND ORDER RE: DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE (DOC. NO. 225) AND
SUPPLEMENTAL MOTION TO SUPPRESS EVIDENCE (DOC. NO. 226)**

Defendant Nathan Lawrence was charged in a 22-count superseding indictment with nine (9) counts of knowingly causing a false statement in connection with the purchase of a firearm from a licensed firearm dealer in violation of 18 U.S.C. § 922(a)(6), and one (1) count of causing a false statement in connection with information required on an ATF 4473 Form in violation of 18 U.S.C. § 924(a)(1)(A). Doc. No. 46. This matter is set for trial on May 2, 2016. Doc. No. 169.

Pending before the Court are Defendant's Motion to Suppress Evidence with Citations of Authority (doc. no. 225) and Supplemental Motion to Suppress Evidence (doc. no. 226) regarding text messages that were retrieved from one or more cell phones seized by police from Defendant following an incident in which Defendant was injured in a shooting. After careful consideration of Defendant's Motions, the Government's Response thereto (doc. no. 227), and the Parties' oral arguments heard on March 22, 2016 (doc. no. 228), the Court will DENY Defendant's Motion and Supplemental Motion to Suppress Evidence.

I. **Factual Background**[1]

As recounted by Defendant in his Motion and Supplemental Motion (doc. nos. 225 and 226), the Government in its Response (doc. no. 227), and from the testimony[2] provided at oral argument (*see* doc. no. 228), the facts giving rise to the seizure of evidence at issue are as follows:

On March 1, 2015, while driving a 2008 Infiniti SUV registered to Melleisa Alvarange, Defendant "flagged down" Officer Brad Shepler in Jeannette, Pennsylvania, and stated he had just been shot while driving his vehicle. Officer Shepler observed that Defendant had a gunshot wound to the left side of his chest and that there were several bullet holes in the driver side door and windows of the vehicle. Defendant was taken by ambulance to Forbes Regional Hospital and, during the course of surgery, three (3) small baggies containing crack cocaine were found under the Defendant's scrotum.

Hospital security personnel gave Defendant's personal effects, which included two (2) cell phones, to Officer Shepler and Westmoreland County Detective Randall Gardner, after the baggies of crack cocaine were found on Defendant. Detective Gardner applied for and was granted a search warrant[3] of the 2008 Infiniti SUV that Defendant was driving, based upon Defendant's gunshot wound, the bullet holes observed in the vehicle, and the crack cocaine found by hospital personnel during Defendant's surgery. The search of the vehicle yielded two (2) plastic baggies containing suspected marijuana residue, one package of rolling papers,

---

[1] There are no significant disputes of facts, although the parties disagree about the inferences that arise therefrom and their legal consequences.
[2] Only Westmorland County Detective Randall Gardner testified at the hearing. The Court notes that his testimony was found to be credible and consistent with the search warrants offered as exhibits by Defendant and with Defendant's recitation of the factual background in his Motions.
[3] At oral argument, Detective Gardner testified that the 2008 Infiniti SUV had to be impounded by the police as it was left in the middle of the street when Defendant was transported to the hospital by ambulance. He further testified that the search of the vehicle pursuant to the warrant was identical to a routine "inventory search" which the police would perform on any impounded vehicle.

$4300.00 in cash, nine (9) red capsules, a laptop computer, a GPS unit, three (3) cell phones, a knit hat, a drink cup, and a spent bullet. At least one of the cell phones, a Kyocera phone, was found within a duffel bag along with the $4,300.00.

Following the search of the vehicle, Detective Gardner applied for and was granted a second warrant to search the five (5) cellular telephones and other electronic devices that were found in Defendant's personal effects given to the police by hospital security personnel and in the search of the 2008 Infiniti SUV. The search of the cellular telephones yielded text messages that the Government has indicated it may use in its prosecution of Defendant on the charges in the Superseding Indictment. Defendant has moved to suppress those text messages on the basis that the Government (1) unlawfully seized the cellular telephones given to Detective Gardner and Officer Shepler by hospital security personnel; (2) did not establish probable cause for the search warrant for the 2008 Infiniti SUV; (3) exceeded the scope of the search warrant for the 2008 Infiniti SUV by searching the contents of a duffel bag found within; and (4) did not establish probable cause for the second search warrant for the cellular telephones found in the 2008 Infiniti SUV and within Defendant's personal effects from the hospital.

## II.     Legal Standards

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated. . . ." U.S. Const. amend. IV. However, searches and seizures, even unreasonable ones, are not proscribed if they are "effected by a private individual not acting as an agent of the Government or with the knowledge of any governmental official." *United States v. Jacobsen*, 466 U.S. 109, 113-14 (1984) (*quoting Walter v. United States*, 447 U.S. 649, 662 (1980)).

When a search or seizure is conducted without a warrant, it is the Government's burden to prove by a preponderance of the evidence that the seizure was lawful. *United States v. Lowe*, 791 F.3d 424, 432(3d Cir. 2015). The burden to show that a magistrate judge's decision to issue a warrant was without a sufficient basis for probable cause rests on Defendant. *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995).

When a District Court reviews the sufficiency of probable cause for a warrant issued, the Court's role "is not to make [its] own assessment as to whether probable cause existed. Rather, [it is] constrained to determine only whether the affidavit provides a sufficient basis for the decision the magistrate judge actually made." *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010). The decision to issue a warrant must be upheld even if another magistrate judge might have found the affidavit insufficient to support a warrant. *Id.*

To find probable cause to issue a warrant, the magistrate must make a "practical, common-sense decision," given "all the circumstances set forth in the affidavit" and need not be based on direct evidence linking the crime with the place to be searched. *Id.* The Court must be concerned with the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Id.* (*quoting Illinois v. Gates*, 462 U.S. 213 (1983)).

Finally, "in *United States v. Leon*, the Supreme Court recognized that the purpose of the exclusionary rule--to deter police misconduct--would not be furthered by suppressing evidence obtained during a search 'when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope.'" *United States v. Tracey*, 597 F.3d 140 (3d Cir. 2010) (*quoting* 468 U.S. 897, 919-20 (1984)).

> The good faith exception to the exclusionary rule does not apply in four limited circumstances: (1) where the magistrate judge issued the warrant in reliance on a deliberately or recklessly false affidavit; (2) where the magistrate judge abandoned his or her

>judicial role and failed to perform his or her neutral and detached function; (3) where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) where the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

>*Id.*

### III. Analysis

The Court addresses each of Defendant's arguments in turn: whether the Government (1) unlawfully seized the cellular telephones given to Detective Gardner and Officer Shepler by hospital security personnel; (2) did not establish probable cause for the first search warrant for the 2008 Infiniti SUV; (3) exceeded the scope of the first search warrant for the 2008 Infiniti SUV by searching the contents of a duffel bag found within; and (4) did not establish probable cause for the second search warrant for the cellular telephones found in the 2008 Infiniti SUV and within Defendant's personal effects from the hospital.

#### *1. Defendant's Personal Effects Were Not Unlawfully Seized*

The testimony provided by Detective Gardner and the facts as set forth in the Parties' submissions indicate that Defendant's personal effects were lawfully seized by the police. First, the initial search of Defendant and seizure of these items was performed by non-police actors (hospital personnel) who then handed the items to the police. These facts are analogous to those in *United States v. Davis*, in which the police themselves reached out and seized a bag containing a shooting victim's personal effects from his hospital room. 690 F.3d 226 (4th Cir. 2012), *cert denied* 134 S.Ct. 52 (2013). In *Davis*, the warrantless seizure of personal effects from the shooting victim's hospital room fell within the plain view exception. *Id.* It follows that if the police could have lawfully seized Defendant's bag of personal effects from his hospital room

themselves, the delivery of Defendant's personal effects into police custody from a non-police actor does not violate the Fourth Amendment.

### 2. *Probable Cause Supported the First Search Warrant*

Considering the circumstances presented to the magistrate judge (that a shooting victim had been found with crack cocaine hidden on his body, *see* doc. no. 226-1), and the mandate that a magistrate's decision to issue a search warrant should be given deference by a reviewing court, the Court easily concludes that there was probable cause for the first search warrant issued to search the 2008 Infiniti SUV which Defendant was driving at the time he was shot by an unknown assailant.[4]

### 3. *The Search of the Duffel Bag Was Within the Scope of the Search Warrant*

Possessing a warrant to search the vehicle that entitled the police to search for "[a]ny and all weapons, specifically firearms, ammunition, holsters, spent ammunition, casings, ammunition magazines, bullets, illegal drugs and/or drug paraphernalia, smoking pipes, packaging material, scales, cutting agents, money, credit cards, records of indicia, and any other records, identification cards, that indicate other participants in these crimes" also entitled the officers to search the duffel bag they found within the 2008 Infiniti SUV. "Once law enforcement officers have probable cause to search a vehicle, they have probable cause to search any container in the vehicle which is likely to contain the contraband suspected to be within the vehicle. . . . It makes no difference whether a bag is locked, leather, or labeled." *United States v. Adams*, 2010 WL 481074 at *3 (M.D. Pa. Feb. 4, 2010) (*citing United States v. Ross*, 456 U.S. 798, 824 (1982)).

---

[4] Again, it was also necessary for the police to impound the 2008 Infiniti SUV (as Defendant had left it in the middle of the road when he was transported to the hospital), and a routine and lawful warrantless inventory search of the vehicle would have produced the same results.

*4. Probable Cause Supported the Second Search Warrant*

When deciding to issue the second warrant to search the contents and data of the five (5) cellular telephones found with Defendant's personal effects and within the 2008 Infiniti SUV, the magistrate judge was presented with the following facts: a shooting victim who was found to have secreted baggies of crack cocaine on his person and was carrying two (2) cellular telephones had been driving a car in which $4300.00 in cash, three (3) additional cellular telephones, suspected trace amounts of marijuana and drug paraphernalia, and a spent bullet casing had been found. *See* Doc. No. 226-2. These facts present a more-than sufficient basis to issue the second search warrant for the contents and data of the five (5) cellular telephones.

**IV. Conclusion**

The Government has met its burden to show that the warrantless seizure of Defendant's personal effects at the hospital was lawful. Defendant has not met his burden to show that the magistrate judge lacked a sufficient basis to find probable cause to issue the first or second search warrant at issue in this case.

For the reasons set forth above, Defendant's Motion and Supplemental Motion to Suppress Evidence are DENIED.

SO ORDERED this 31st day of March, 2016

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge